USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKEEL ABDUL JAMIEL,

                Plaintiff,

-against-

DEP. M. WASHBURN, CLP CALANGELO;
DEPUTY GURRIERI, DEPUTY SHAW, DEPUTY
J. FRIES, CAPTAIN SMITH, PUGH, DEPUTY M.
SHAW, DEPUTY MONTIFERI
                Defendants.

No. 17-CV-7172 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Akeel Abdul Jamiel brings this *pro se* action pursuant 42 U.S.C. § 1983 based on incidents occurring during his confinement at the Sullivan County Jail. He filed a Second Amended Complaint on April 20, 2018 ("SAC"). (ECF No. 40.)

    Presently before the Court are motions to dismiss filed by Defendants, one by Defendants Calangelo, Gurrieri, and Smith and one by Defendants Fries, Montiferi, Pugh, Shaw, M. Shaw, and Washburn, for failure to state a claim for which relief may be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

    For the reasons that follow, Defendants' motions are GRANTED.

## BACKGROUND

### I.    Factual Background

    The following facts are drawn from the SAC and are accepted as true for the purposes of these motions.

    In September of 2017, staff members of the Sullivan County Jail "sexually harassed [Plaintiff] and discriminated against [him] and [his sexuality]." (SAC p. 3.) Plaintiff alleges that

those staff members referred to him as a "homo-sexual" constantly and that they "continuously defamed [his] character." (*Id.*) Moreover, those staff members told other inmates that Plaintiff was a "homo-sexual" in order to belittle him, causing Plaintiff to "get into an altercation with another inmate." (*Id.*)

## II. Procedural Background

Plaintiff commenced this action through a Complaint filed on September 20, 2017. (ECF No. 2.) On December 27, 2017, the Court received a letter and additional materials that Plaintiff sought to add to his Complaint. (ECF No. 20.) In response, the Court issued a memorandum endorsement providing Plaintiff a date by which to amend his Complaint and instructing him that "[t]he amended complaint will replace, not supplement, the current complaint." (ECF No. 26.) The Court amended its previous memorandum endorsement to provide Plaintiff with an extension of time to amend his Complaint and again reminded Plaintiff that any amended complaint would replace his existing Complaint. (ECF No. 30.)

Plaintiff filed an Amended Complaint on March 1, 2018. (ECF No. 32.) However, Plaintiff's Amended Complaint did not include most of the claims from his initial Complaint, and, on April 5, 2018, the Court issued another memorandum endorsement directing Plaintiff to file a Second Amended Complaint if he still desired to assert the claims from his initial Complaint. (ECF No. 39.) For a third time, Plaintiff was informed that an amended complaint replaces and does not supplement a previous version of a complaint. The SAC was filed on April 20, 2018. (ECF No. 40.)

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a Rule 12(b)(6) motion, the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). Similarly, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to Rule 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

Where, as here, a plaintiff proceeds *pro se*, the court must construe the complaint liberally and interpret it to "raise the strongest arguments that [it] suggest[s]." *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## DISCUSSION

After interpreting the SAC to raise the strongest arguments it suggests, the Court finds that Plaintiff's SAC must be dismissed because it contains no allegations to support any facially plausible claim against any named Defendant. Plaintiff fails to allege that he suffered any constitutional deprivation for which he is entitled to recover under § 1983. Assuming Plaintiff had stated facially plausible claims, he did not allege that any named Defendant was personally involved in those violations.

### I.    Failure to state a claim

Plaintiff's allegation that he was sexually harassed because staff at the Sullivan County Jail called him a "homo-sexual" does not amount to a constitutional violation. It is well established in the Second Circuit that allegations of verbal harassment, without more, are not actionable under § 1983. *Williams v. Dubray*, 557 F. App'x 84, 86 (2d Cir. 2014); *Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. 2001) ("In this Circuit, allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged."); *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir. 1986). Plaintiff alleges that the staff at the jail "belittle[d]" him and "assassinate[d]" his personality by referring to him as a "homo-sexual" to other inmates, but these allegations amount to nothing more than verbal harassment. In the injuries portion of Plaintiff's SAC, he states that "thir [sic] physical abuse [ ] led [him] to engage in a physical altercation." (SAC ¶ 4.) Generously interpreting this as a reference to physical abuse by Defendants, the allegation is conclusory and not enough to show that Plaintiff endured anything beyond verbal harassment.

Plaintiff's remaining allegations are also conclusory and insufficient to support any facially plausible claim for relief. He alleges that he was discriminated against but does not

describe the discrimination beyond using the word in his SAC. (SAC p. 3.) Such bare allegations are do not support a facially plausible claim. *McMillan v. Togus Reg'l Office, Dep't of Veterans Affairs*, 120 F. App'x 849, 852 (2d Cir. 2005) (citing *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996)) (noting that conclusory allegations of discrimination are insufficient to support a § 1983 action). Plaintiff contends that Defendants "accusations" caused him to get into an altercation with another inmate, but this does not amount to an allegation that Defendants violated the law. Plaintiff does not allege whether the fight was started by him or the other inmate and provides no facts about the altercation beyond that it occurred. Also, there is no indication that Defendants knew that the inmate would approach Plaintiff, that there would be an altercation, or that they intended one to occur. Accordingly, Plaintiff failed to state a claim upon which relief can be granted and his SAC is dismissed.

## II.  Personal involvement

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370 – 71 (1976). "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Accordingly, to survive a motion to dismiss, a complaint must include specific factual allegations as to how each defendant is personally involved in the alleged illegal activities. *See, e.g.*, *Liffiton v. Keuker*, 850 F.2d 73, 76 (2d Cir. 1988); *Flemming v. Wright*, No. 11-CV-804(NAM)(TWD), 2013 WL 4804493, at *8 n.11 (N.D.N.Y. Sept. 9, 2013); *Jones v. Westchester Cty. Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 417 (S.D.N.Y.,2008); *Jones v. Fischer*, No. 07-CV-7589(DC), 2008 WL 3174510, at *6 (S.D.N.Y. Aug. 7, 2008) (dismissing a plaintiff's complaint against certain defendants because

the plaintiff "fail[ed] to allege their personal involvement with sufficient specificity").

Assuming Plaintiff stated a facially plausible claim, which he did not, Plaintiff's SAC would be dismissed because he did not allege that any named Defendant was personally involved. Plaintiff's claims are levelled against "the following individuals who were the staff of Sullivan count [sic] jail." (SAC p. 3.) Interpreting the SAC liberally, the Court understands Plaintiff to refer to the named Defendants even though he does not list or otherwise name them in the facts section of the SAC. Even then, Plaintiff's broad, conclusory allegation is not enough to plausibly establish the personal involvement of any Defendant. "Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient, and supervisors cannot be held liable based solely on the alleged misconduct of their subordinates." *See Lindsey v. Butler*, 43 F. Supp. 3d 317, 329 (S.D.N.Y. 2014). A blanket accusation, like the one in this case, is conclusory.

Plaintiff has already received two opportunities to amend his Complaint, yet his SAC fails to state any plausible claim for relief. He has been reminded time and again through memorandum endorsements that any amended complaint must include all claims Plaintiff intended to assert. However, Plaintiff has not yet been instructed in what is required to state a facially plausible claim for relief, and so, in deference to Plaintiff's *pro se* status, dismissal with prejudice is not warranted at this stage. *But cf. Brown v. Murphy*, No. 16-CV-0710(NSR), 2019 WL 2325777, at *4 (S.D.N.Y. May 30, 2019) (dismissing a plaintiff's complaint with prejudice because the plaintiff had the opportunity to, and did, amend his complaint the second time after the Court "carefully outlined the law on what was required to plead a facially plausible [claim]"). Therefore, the Court declines to dismiss Plaintiff's SAC with prejudice or to treat Defendants' motions as motions for summary judgment.

6

Accepting the facts in the SAC as true and making every plausible inference in Plaintiff's favor, employees of the Sullivan County Jail mischaracterized his sexuality to other inmates in an effort to belittle Plaintiff. Verbal harassment, particularly by prison officials, is deplorable behavior. However, verbal harassment alone does not rise to a constitutional violation, as discussed *supra*, and any claim based on this allegation will be denied if raised in a Third Amended Complaint. If Plaintiff elects to file another amended complaint, that complaint must include any and all claims that Plaintiff intends to raise. Moreover, Plaintiff must state those claims in more than a conclusory manner and should detail, if known, the date of any alleged incident, a description of what transpired, and names and actions of involved Defendants. Plaintiff also must sufficiently allege that he exhausted his remedies. Plaintiff is cautioned that he should only file a Third Amended Complaint if he is able to state a facially plausible claim for relief. If he files a Third Amended Complaint and it is dismissed, it will be dismissed with prejudice. The Court will grant no further amendments.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the SAC are GRANTED. Plaintiff shall have until July 15, 2019 to amend his SAC in accordance with this Opinion. No additional amendments will be granted thereafter. If Plaintiff elects to file a Third Amended Complaint, Defendants shall have until twenty-one days from the date of Plaintiff's filing to move or file responsive pleadings. Plaintiff is advised that any amended pleading is separate from the initial Complaint and any prior Amended Complaint and should include all facts and claims Plaintiff intends to assert. If Plaintiff does not amend his pleading by the aforementioned date, the entirety of this action, including Plaintiff's state law claims, will be dismissed.

If Plaintiff elects to file a Third Amended Complaint, Defendants are directed to answer or otherwise respond on or before August 14, 2019.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 71 and 80, mail a copy of this order to the Plaintiff, and file proof of service on the docket.

Dated: June 14, 2019
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge